CLERK'S OFFICE U.S. DIST. COURT
CHARLOTTESVILLE, VA
FILED

06/11/2020

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
  DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

SELECTIVE INSURANCE COMPANY OF AMERICA,
a New Jersey corporation,

                                             Plaintiff,

   v.                                                                    Civil Action No.: 3:20CV00028

**DYGERT WRIGHT HOBBS & HERNANDEZ, PLC,**
f/k/a DYGERT, WRIGHT, HOBBS & HEILBERG, PLC
a Virginia professional limited liability company,

       **SERVE:**     **Joseph W. Wright, III**
                            **Registered Agent**
                            **415 Fourth St.**
                            **Charlottesville, VA  22902**
                            **(City of Charlottesville)**

  and

**JOSEPH W. WRIGHT, III,**

       **SERVE:**     **1790 Shelbourn Ln.**
                            **Keswick, VA 22947**
                            **(County of Albemarle)**

                                             **Defendants.**

## COMPLAINT FOR INDEMNITY AND QUIA TIMET RELIEF

The plaintiff, Selective Insurance Company of America, by counsel, in accordance with Rule 3 of the *Federal Rules of Civil Procedure*, states the following as its Complaint for Indemnity and Quia Timet Relief (the "Complaint") against defendants Dygert Wright Hobbs & Hernandez, PLC f/k/a Dygert Wright Hobbs & Heilberg, PLC, and Joseph W. Wright, III.

### THE PARTIES

    1.    Selective Insurance Company of America ("Selective") is a corporation duly organized and existing under the laws of the State of New Jersey, where it also maintains its

principal place of business.  Selective is duly authorized to engage in the surety business in the Commonwealth of Virginia and serves as an attorney settlement agent bond surety for Dygert Wright Hobbs & Hernandez, PLC.

2. Defendant Dygert Wright Hobbs & Hernandez, PLC ("Dygert"), formerly known as Dygert Wright Hobbs & Heilberg, PLC is and was, at all times pertinent to this proceeding, a professional limited liability company organized and existing under the laws of the Commonwealth of Virginia.  Dygert maintains its principal place of business in the City of Charlottesville, Virginia.  Upon information and belief, all members of Dygert are citizens of the Commonwealth of Virginia.

3. The individual defendant, Joseph W. Wright, III ("Wright"), is and was at all times pertinent to this proceeding an individual citizen of the Commonwealth of Virginia who resides at 1790 Shelbourn Lane, Keswick, Virginia 22947 (County of Albemarle).

### JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in that Selective is a citizen of the State of New Jersey and the defendants are citizens of the Commonwealth of Virginia.  The amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Venue in this Court is proper as it is specifically conferred by the provisions of 28 U.S.C. § 1391 because Dygert is doing business in, Wright resides in, and a substantial part of the events, acts and/or omissions giving rise to the claims raised by this Complaint occurred and continue to occur within this district and division.

### STATEMENT OF FACTS

6. In this Complaint, Selective seeks to enforce its unconditional rights as surety under

an indemnity agreement, and to compel the specific performance of the contractual obligations of the defendants to, among other things and upon demand, (a) indemnify and save Selective harmless by (i) immediately paying any and all claims, demands, loss and damages of every nature and kind, as well as all legal and other costs, counsel fees and expenses, and (ii) depositing with Selective collateral security in an amount equal in value to any reserve set by Selective, to protect it from loss whether or not it has made any payment, and (b) procure the full and complete discharge of Selective, all in relation to the attorney settlement agent bond it issued, as surety, at the request of the defendants.

7. On or about June 29, 2018, Dygert, as principal and corporate indemnitor, and Wright, in his individual capacity as personal indemnitor (sometimes collectively referred to as the ("Indemnitors"), executed a written Application for Settlement Agent Surety Bond ("Application"), a true and accurate copy of which is attached as Exhibit A and is incorporated by reference as if specifically set forth in this Complaint.

8. By executing the Application, Dygert and Wright agreed to the express indemnity provisions outlined therein ("Indemnity Agreement").

9. The Indemnity Agreement states on page 2:

> Indemnitors…bind themselves, their heirs, executors, administrators, successors and assigns, to indemnify and save [Selective] harmless, and on demand to pay it any and all claims, demands, loss and damages of every nature and kind, as well as all legal and other costs, counsel fees and expenses which [Selective] shall at any time sustain, directly or indirectly, by reason or inconsequence of such suretyship…whether before or after legal proceedings by or against [Selective], and whether with or without notice thereof to the Indemnitors.

Indemnity Agreement, p. 2 (Exhibit A).

10. Additionally, the Indemnity Agreement states:

> Payment by the Indemnitors to the Surety should be made as soon as liability exists or is asserted, regardless of whether the Surety shall have made payment therefor, and shall be equal to the amount of the reserve set by the Surety in connection with the claim. Failure to make the payment requested by the Surety shall be breach of this agreement.

Indemnity Agreement, p. 2 (Exhibit A).

11. In reliance upon the terms and conditions of the Application and Indemnity Agreement and the promises of the Indemnitors to indemnify and save it harmless from any and all losses, Selective considered and approved the request of Dygert for the issuance of the settlement agent bond, and issued Bond No. B1203438, in the amount of $200,000.00, naming Dygert as principal and co-obligor, and the Commonwealth of Virginia as obligee ("Bond"). A copy of the Bond is attached as Exhibit B and is incorporated by reference as if specifically set forth in this Complaint.

12. The Bond was issued pursuant to Va. Code § 55-525.20 (since recodified at Va. Code § 55.1-1004). Selective's liability under the Bond is conditioned on Dygert's "full compliance with the provisions of the laws of the Commonwealth of Virginia and rules, regulations, and orders prescribed by the Virginia State Bar pertaining to Settlement Agents[.]" Bond, p.1 (Exhibit B).

13. The laws of Virginia require a real estate settlement agent to safeguard and hold proceeds from the sale of real property in trust pending the instructions of the rightful owner of such proceeds.

14. On or about May 13, 2020, Selective received a letter from Frederick B. Miles asserting a claim against the Bond in the amount of $72,656.54. A copy of Mr. Miles' letter is attached as Exhibit C. In his claim letter, Mr. Miles alleges that Dygert held in its trust account proceeds from the sale of real property owned by Mr. Miles and his daughter, but a Dygert employee embezzled and/or converted the funds for her own use and benefit.

15. Additionally, via its investigation of Mr. Miles' claim, Selective has received information that funds in excess of the penal sum of the Bond were embezzled and/or converted by the same employee from Dygert's trust account. Accordingly, a loss in the full amount of the Bond is expected.

16. As a result of the developments set forth above and based upon the information then available to it, Selective set its reserves and, in accordance with the terms and conditions of the Indemnity Agreement on May 20, 2020 asserted its demand that the Indemnitors (i) provide collateral security in the amount of $200,000.00 to cover anticipated principal losses under the Bond in accordance with the terms of the Indemnity Agreement. A true and accurate copy of Selective's May 20, 2020 letter to the Indemnitors is attached as Exhibit D and is incorporated by reference as if fully set forth in this Complaint.

17. The Indemnitors have wholly failed and/or refused to provide the requested collateral as required by the Indemnity Agreement and, therefore, are in breach of their obligations under the Indemnity Agreement.

## COUNT I
## SPECIFIC PERFORMANCE

18. Selective restates and incorporates the allegations as set forth in ¶¶ 1 through 17 above as if specifically set forth in this paragraph.

19. Selective, in reliance upon the execution of the Indemnity Agreement by the Indemnitors, issued the Bond, faces exposure under the Bond, and has and will continue to incur losses and attorneys' fees, costs and expenses by virtue of the issuance of the Bond.

20. The Indemnitors, jointly and severally, agreed, among other things, (a) to indemnify and save Selective harmless from any and all losses incurred, and to reimburse Selective for its losses, and (b) provide collateral security equal in value to such reserve Selective

establishes to cover any losses.

21. Notwithstanding Selective's demands, the Indemnitors have failed to fulfill and honor their obligations under the Indemnity Agreement.

22. The Indemnitors' actions and failures to act constitute a default under the Indemnity Agreement and breaches of contract, which breaches are material in nature and are subjecting Selective to significant exposure and other losses.

23. As a result of their failure to perform, for which there is no adequate remedy at law, Selective is entitled to the entry of an order compelling the Indemnitors to immediately and specifically perform their obligations under the express terms and conditions of the Indemnity Agreement by (a) depositing collateral security in the amount of $200,000.00 to discharge any claim made against Selective, and (b) completely discharging the liabilities for which Selective is responsible under the Bond.

WHEREFORE, Selective requests the entry of an order compelling Dygert Wright Hobbs & Hernandez, PLC f/k/a Dygert Wright Hobbs & Heilberg, PLC, and Joseph W. Wright, III, jointly and severally, to immediately and specifically perform their obligations under the Indemnity Agreement.

## COUNT II
## QUIA TIMET AND INJUNCTIVE RELIEF

24. Selective restates and incorporates the allegations as set forth in ¶¶ 1 through 23 above as if specifically set forth in this paragraph.

25. As of the filing of this Complaint, Selective faces potential exposure under the Bond and has not received collateral in accordance with the terms and conditions of the Indemnity Agreement.

26. Selective justifiably fears it will sustain significant losses and irreparable harm as

a result of its issuance of the Bond. Selective anticipates that it may sustain a loss in the full amount of the $200,000.00 penal sum of the Bond, and incur expenses in excess of such amount.

27. In accordance with the terms and conditions of the Indemnity Agreement, and the equitable doctrines of exoneration and *quia timet*, Selective is entitled to have the Indemnitors, jointly and severally, place it immediately in funds sufficient to cover the losses it has sustained and the losses it anticipates by virtue of its issuance of the Bond.

28. Unless the assets of all of the Indemnitors are marshaled, accounted for and preserved, and their indemnity obligations to Selective are collateralized and Selective is placed in funds or otherwise secured, Selective's obligations under the Bond, and its right of indemnification under the Indemnity Agreement and the law will not be adequately secured.

29. Selective is entitled to be placed in funds in the amount of $200,000.00 and to be fully collateralized by the Indemnitors immediately and prior to making any payments in discharge of its bond obligations.

30. Selective is without a plain, speedy or adequate remedy at law which will serve to immediately indemnify and save it harmless for its losses and probable liabilities and will be irreparably and permanently injured unless this Court grants immediate injunctive and equitable relief. Further, unless injunctive and *quia timet* relief are granted immediately, Selective is fearful that the Indemnitors may destroy, secrete, conceal and deny Selective access to their books, records, accounts and other information and/or sell, transfer, dispose of, lien, secure or otherwise divert, encumber or liquidate their assets without Selective's permission, all to Selective's irreparable harm.

31. Selective has been forced to retain legal counsel and incur other expenses and costs in pursuit of its rightful interests in this matter and is entitled to be indemnified and saved

harmless in accordance with the terms and conditions of the Indemnity Agreement and the law.

WHEREFORE, Selective Insurance Company of America requests the entry of an order (1) awarding judgment in its favor, and (2) granting mandatory and prohibitory injunctive relief against Dygert Wright Hobbs & Hernandez, PLC f/k/a Dygert Wright Hobbs & Heilberg, PLC, and Joseph W. Wright, III, jointly and severally, as follows:

    A.    Directing Dygert Wright Hobbs & Hernandez, PLC f/k/a Dygert Wright Hobbs & Heilberg, PLC, and Joseph W. Wright, III, and their executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf to:

        1.    Immediately place Selective in funds in at least the amount of $200,000.00 by money, property, liens or other security interests in property, as determined by Selective, to collateralize and serve as ample security for its obligations under the Bond, and rights of indemnification and to be saved harmless under the Indemnity Agreement;

        2.    Render to Selective an immediate, full and complete accounting of any and all assets owned by them or in which they have had any interest since June 29, 2018, and the disposition of the same;

        3.    Indemnify and save Selective harmless for any and all liabilities, losses and expenses, including consultants' and attorneys' fees, which have been and/or may be incurred by Selective as a result of Selective having executed the Bond for Dygert;

    B.    Permanently enjoining and restraining Dygert Wright Hobbs & Hernandez, PLC f/k/a Dygert Wright Hobbs & Heilberg, PLC, and Joseph W. Wright, III, and their officers, directors, employees, executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf, from:

        1.    Selling, transferring or otherwise disposing of or encumbering their assets and property in any manner, form or shape whatsoever;

        2.    Allowing their assets and property to be liened or otherwise encumbered, unless and until Selective shall be placed in funds or otherwise

        secured as required by the Indemnity Agreement;

        C.    Granting a lien upon all of the corporate and personal assets and property of Dygert Wright Hobbs & Hernandez, PLC f/k/a Dygert Wright Hobbs & Heilberg, PLC, and Joseph W. Wright, III, and their executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf, including all real and personal property, which they may own or in which they have an interest, either individually or jointly, for the purpose of securing Selective against any and all losses that it may sustain or incur by virtue of having executed the Bond for Dygert, and to remain in effect unless and until Selective shall be placed in funds or otherwise secured as required by the Indemnity Agreement; and

        D.    Awarding such further relief as the Court deems just.

## COUNT III
## BREACH OF CONTRACT

32.    Selective restates and incorporates the allegations as set forth in ¶¶ 1 through 31 above as if specifically set forth in this paragraph.

33.    Under the terms and conditions of the Indemnity Agreement, the Indemnitors, jointly and severally, are obligated to comply with all of the terms and conditions of the Indemnity Agreement, and to indemnify and save Selective harmless from and against any and all liabilities, losses, damages, costs, charges, expenses, and consultants' and attorneys' fees incurred as a result of the issuance of any bond on behalf of Dygert.

34.    Under the terms and conditions of the Indemnity Agreement, the Indemnitors, jointly and severally, agreed to provide Selective collateral security equal to the amount Selective set as reserve in connection with the claim and agreed that failure to provide such collateral is a breach of the Indemnity Agreement.

Case 3:20-cv-00028-GEC Document 1 Filed 06/11/20 Page 10 of 10 Pageid#: 10


35. As a result of Selective's issuance of the Bond at the request of the Indemnitors, Selective (a) has received a claim on the Bond, (b) anticipates additional losses under the Bond, and (c) has incurred and expects to incur additional attorneys' fees, costs, and expenses.

36. The Indemnitors' failure and/or refusal to indemnify and save Selective harmless and provide it collateral security under the terms and conditions of the Indemnity Agreement constitutes a default and material breaches of contract, the direct and natural result of which has caused Selective to sustain significant damages.

WHEREFORE, Selective seeks judgment against Dygert Wright Hobbs & Hernandez, PLC f/k/a Dygert Wright Hobbs & Heilberg, PLC, and Joseph W. Wright, III, jointly and severally, in the principal amount of $200,000.00 or those sums which the evidence may otherwise establish, plus all interest at the pre-judgment rate on each payment, costs, expenses, and consultants' and attorneys' fees, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the Indemnity Agreement.

Respectfully submitted,

**SELECTIVE INSURANCE COMPANY OF AMERICA**

By Counsel

___*/s/ Justin A. Thatch*_____
Richard T. Pledger (VSB No. 28192)
Thomas J. Moran (VSB No. 71296)
Justin A. Thatch (VSB No. 92708)
WRIGHT CONSTABLE & SKEEN LLP
301 Concourse Boulevard
West Shore III, Suite 120
Glen Allen, VA  23059
Telephone:      (804) 362-8293
Facsimile:        (804) 441-9250
e-mail:             rpledger@wcslaw.com
                       tmoran@wcslaw.com
                       jthatch@wcslaw.com
*Counsel for Selective Insurance Company of America*